UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GABRIELLE FIGUEROA and DAISY FRANKLIN, on behalf of themselves and Others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>EVERALBUM, INC.,<br><br>Defendant. | No. 4:17-CV-1393 RLW |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss or Transfer (ECF No. 20) and Defendant's Motion for Attorneys' Fees and Costs (ECF No. 23). These matters are fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Gabrielle Figueroa is a citizen of the State of New Jersey. (Amended Complaint, ECF No. 17, ¶5). Plaintiff Daisy Franklin is a citizen of the State of Missouri. (Amended Complaint, ¶6). Defendant Everalbum, Inc. ("Ever") is a corporation organized under the laws of the State of Delaware with its corporate headquarters in San Francisco, California. (Amended Complaint, ¶7). It owns and operates the Ever app, a photo sharing app that allows users to conserve storage space on their Apple and Android mobile devices by automatically backing up their photos and videos and saving them to a cloud. After a new user downloaded the app, the user could earn up to 1,000 GB of premium storage for free by inviting her friends and family to also download the app. If the user wished to invite someone, the app required the user to (i) grant the app access to the user's contact list; (ii) either approve the invitations to all the

users contacts or, alternatively, select which contacts, if any, to whom the user wished to send an invitation; and (iii) affirmatively process a button to cause invitation text messages to be sent to the user's desired contacts. Plaintiffs' cause of action arises out of allegedly unsolicited text messages that they received inviting them to download Ever's photo storage app for mobile devices.

Plaintiff Gabrielle Figueroa received an advertising text message on October 27, 2016 at 11:02 a.m. on her cellular telephone that stated: "Kathie Rose just recommended you check out your photos on Ever. Link expires tomorrow: Tap to Load Preview." (Amended Complaint, ¶42). Figueroa states that she did not consent to receiving text messages from Ever or its agent. (Amended Complaint, ¶43). Newly added Plaintiff Daisy Franklin alleges that she received two unsolicited text messages: one on October 22, 2016 and one on October 23, 2016. On October 22, 2016, Franklin received a text message: "Dana Kirksey just recommended you check your photos on Ever. Click here: Tap to Load Preview." (Amended Complaint, ¶61). On October 23, 2016, Franklin received another text message: "Elatris Van Hook just recommended you check your photos on Ever. Link expires tomorrow: Tap to Load Preview." (Amended Complaint, ¶69). Plaintiffs claim that these text messages violated the Telephone Consumer Protection Act, 47 U.S.C. §§227 *et seq.* because it prohibits the use of an automated telephone dialing system. ("ATDS").

I.  **Motion to Dismiss**

   A. **Standard of Review**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support a "reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *K–V Pharm. Co.*

*v. J. Uriach & CIA, S.A*, 648 F.3d 588, 59-92 (8th Cir. 2011); *see also, Viasystems, Inc. v. EBM—Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011); *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008); *Dever v. Hentzen Coatings*, 380 F.3d 1070, 1072 (8th Cir. 2004); *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). A plaintiff's prima facie showing "must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *K–V Pharm.*, 648 F.3d at 592 (quoting *Dever*, 380 F.3d at 1072–73). The Court must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, plaintiff carries the burden of proof and that burden does not shift to defendants. *Epps*, 327 F.3d at 647; *Wallach v. Whetstone Partners, LLC*, No. 4:16 CV 450 CDP, 2016 WL 3997080, at *1 (E.D. Mo. July 26, 2016).

### B. Discussion

Due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 291–92 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Guinness Import Co. v. Mark VII Distribs., Inc.*, 153 F.3d 607, 614 (8th Cir. 1998). Minimum contacts is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780, 2787 (2011). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. *World–Wide Volkswagen*, 444 U.S. at 297; *Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 694 (8th Cir. 2003); *Epps*, 327 F.3d at 648. Sufficient minimum contacts requires some act by which the defendant "purposely

avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre*, 131 S.Ct. at 2787 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004).

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Stanton*, 340 F.3d at 693–94 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). This means that "the relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 1122 (quoting *Burger King*, 471 U.S. at 475). Contacts between the plaintiff and the forum State do not satisfy this inquiry. *Id.* "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum state." *Stanton*, 340 F.3d at 694 (quoting *Burger King*, 471 U.S. at 475).

Courts apply a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. *Dever*, 380 F.3d at 1073. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. *Id.* at 1073–74 (quoting *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)). The Court gives significant weight to the first three factors. *Id.* at 1074; *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014).

- 4 -

The Court holds that it lacks personal jurisdiction over Defendant Ever and dismisses this action without prejudice. There is no evidence that Ever has and any contact with Missouri, let alone contacts sufficient to establish personal jurisdiction in this case. Ever is a company headquartered in San Francisco, California, with no offices, employees or assets in Missouri. Ever is not registered to do business in Missouri. Likewise, Plaintiffs' causes of action have no connection to this jurisdiction. Plaintiffs offer bare allegations in their Amended Complaint that Ever contacted them, but these allegations are refuted by their own allegations. Figueroa acknowledges that her invitation to use Ever was initiated by Kathie Rose, her friend in New Hampshire. Likewise, Franklin admits that her invitation to use the Ever app was initiated by her friends Dana Kirksey and Elatris Van Hook. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1215 (N.D. Cal. 2014) ("a reasonable user would have understood that her name would be used in invitations to join LinkedIn that would be sent to her contacts who were not already LinkedIn users"); *Pratt v. Everalbum, Inc.*, No. 17 C 1600, 2017 WL 4161685, at *3 (N.D. Ill. Sept. 20, 2017). This Court cannot exercise personal jurisdiction over Ever simply because some of Plaintiffs' friends utilized the invitation process provided by Ever to invite Plaintiffs to use its app. Therefore, the Court holds that it lacks sufficient contacts with Ever and dismisses this action without prejudice.

## II.  Attorneys' Fees

While Ever has prevailed in this case, the Court does not find it appropriate to award Ever its attorneys' fees, costs, and expenses under 28 U.S.C. §1927.[1] Ultimately, this Court does not agree with Plaintiffs, but this alone does not warrant an award of attorneys' fees and costs.

---

[1] 28 U.S.C. §1927 provides, "[a]ny attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or Transfer (ECF No. 20) is **GRANTED**, in part. Plaintiffs' claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** Defendant's Motion for Attorneys' Fees and Costs (ECF No. 23) is **DENIED**.

Dated this 12th day of October, 2017.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."